UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BASALITE CONCRETE PRODUCTS, LLC, a Nevada Limited Liability Company, | NO. CIV. 2:10-2814 WBS KJN |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS OR TO TRANSFER |
| v. | |
| KEYSTONE RETAINING WALL SYSTEMS, INC, a Minnesota Corporation, | |
| Defendant. | |

----oo0oo----

Plaintiff Basalite Concrete Products, LLC, filed this action against defendant Keystone Retaining Wall Systems, Inc., arising from a contract granting plaintiff the right to manufacture and sell defendant's retaining wall system blocks. The matter is now before the court on defendant's alternative motion;s to dismiss or to transfer the action to the United States District Court for the District of Minnesota, where defendant first filed suit against plaintiff.

1

This court initially heard oral arguments on the motion on December 6, 2010. Counsel for plaintiff argued that enforcement of the forum selection clause in the parties' latest written contract would offend the strong public policy of the State of California. Because plaintiff's argument depended on the disputed fact of whether the parties entered into a "franchise" agreement under California law, the court held an evidentiary hearing and heard further argument on March 8, 2011.

I. Rule 12(b)(3) and § 1406(a)

Rule 12(b)(3) and § 1406(a) authorize the court to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Section 1406(a) also permits the court to transfer the action "in the interest of justice." 28 U.S.C. § 1406(a). Federal law governs the interpretation and enforcement of a forum selection clause. Doe 1 v. AOL LLC, 552 F.3d 1077, 1081-1083 (9th Cir. 2009); Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988). A forum selection clause is prima facie valid and should be enforced unless the party challenging enforcement can show it is "unreasonable under the circumstances." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)) (internal quotation marks omitted).

A forum selection clause is unreasonable if (1) its incorporation was the result of fraud, undue influence, or overweening bargaining power; (2) the designated forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court"; or (3) enforcement of the clause would contravene a

2

strong public policy of the forum in which the suit is brought. Id. at 325 (quoting Bremen, 407 U.S. at 18) (internal quotation marks omitted).  A forum selection clause in a California franchise agreement is unenforceable under federal law because of California's strong public policy.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000); see also Cal. Bus. & Prof. Code § 20040.5.

The first issue raised by defendant's motion is whether venue in the Eastern District of California is improper under Rule 12(b)(3) and § 1406(a) because of a forum selection clause designating Minnesota in the parties' written contract, which expired by its terms in 2005.  The question addressed at the evidentiary hearing on this issue was whether the parties entered into a California franchise agreement, see Cal. Bus. & Prof. Code § 20001 (defining franchise agreement under California Franchise Relations Act), thus precluding enforcement of the forum selection clause.  The parties presented live testimony, declarations, and exhibits.

The court finds the evidence inconclusive at this stage.  This court is particularly reluctant to reach a conclusion from the limited record before it on this question because it is a question that must be resolved ultimately on the merits either here or in the District of Minnesota.[1] Accordingly, the court will not dismiss or transfer the action for improper venue.

II. First-to-File Rule

---

[1] The court expresses no opinion as to whether California or Minnesota substantive law applies to the action in Minnesota.

3

A court has the discretion to dismiss, stay, or transfer an action pursuant to the first-to-file rule. Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 623 (9th Cir. 1991); Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule was developed to "serve[] the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology v. U.S. Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979); see also id. ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."). The rule is to be applied with a "view to the dictates of sound judicial administration." Pacesetter Systems, Inc., 678 F.2d at 95. In applying the rule, courts consider three threshold factors: (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. Alltrade, Inc., 946 F.2d at 625-626.

Even if the factors weigh in favor of applying the rule, the court has discretion not to apply the rule in the interest of equity. See, e.g., Adoma v. Univ. of Phoenix, 711 F. Supp. 2d 1142, 1149-50 (E.D. Cal. May 3, 2010) (Karlton, J.). The rule is not a "rigid or inflexible rule to be mechanically applied." Pacesetter Sys., Inc., 678 F.2d at 95. "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." Alltrade, Inc., 946 F.2d at 628 (citations omitted). A court may also decline to apply the rule when the balance of convenience weighs in favor of the later-filed action. See id.

4

"With respect to both the parties and the issues, courts routinely recognize that they need not be identical in the two actions. Substantial similarity is sufficient." Wright v. RBC Capital Markets Corp., No. Civ. S-09-3601 FCD GGH, 2010 WL 2599010, at *5 (E.D. Cal. June 24, 2010); see also Girafa.com, Inc. v. Alexa Internet, Inc., No. C-08-02745, 2008 WL 4500858, at *7 (N.D. Cal. Oct. 6, 2008); Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc., 544 F. Supp. 2d 949, 959-60 (N.D. Cal. Mar. 19, 2008). Substantial similarity of the issues exist when "the two cases rest on identical factual allegations and assert identical or analogous claims." Jumapao v. Wash. Mut. Bank, F.A., No. 06-CV-2285, 2007 WL 4258636, at *2 (S.D. Cal. Nov. 30, 2007). As one court articulated the test:

> (1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case? The issues need not be identical to allow one court to decide the action, but there must be substantial overlap between the two suits.

Intersearch Worldwide, Ltd., 544 F. Supp. 2d at 959-60 (internal quotation marks omitted).

Here, the court finds that the threshold factors are met. The court in the District of Minnesota has retained jurisdiction, denying plaintiff's motion to dismiss or to transfer that action. The Minnesota action was indisputably filed nineteen days before the California action. (Keenan Decl. Ex. B (Docket No. 14).) Plaintiff does not argue that the parties in the two actions are not substantially similar, even though the Minnesota action is against plaintiff, its parent, and a subsidiary. (Id.)

5

The issues in the two actions are substantially similar. See Elee, LLC v. Vino 100, No. C08-1146, 2009 WL 361254, at *1 (E.D. Wash. Feb. 13, 2009) ("[T]he claims in both actions arise out of the franchise relationship between the parties."); Rosenthal v. Perricone Wileman Group, LLC, No. Civ. 05-6283, 2006 WL 448721, at *2 (D. Or. Feb. 21, 2006) ("Permitting this action to go forward in this venue would decrease efficiency and create the potential for conflicting judgments as to whether the distribution agreement is a franchise agreement, whether a party breached the agreement, and whether rescission is an appropriate remedy, among other issues."); Colortyme Fin. Servs., Inc. v. Kivalina Corp., 940 F. Supp. 269, 274 (D. Haw. 1996) ("Here too, the Court finds that judicial efficiency and avoidance of duplicative litigation would not be served by accepting jurisdiction of the instant action, which simply is a small and interrelated part of the whole litigation in Texas over the legality and enforceability of the various franchise relationships and agreements between Colortyme/CFS and their franchisees, including Kivalina.").

In the Minnesota action, defendant asserts claims for breach of contract for non-payment of fees, failure to permit auditing, and intellectual property rights claims for plaintiff's conduct following the termination of the contract. (Kirkman Decl. in Opp'n to Keystone's Mot. to Dismiss Ex. B (Docket No. 23).) In this action, plaintiff asserts claims for violation of California Business and Professions Code section 20025 (statute governing notice of intention not to renew franchise agreement), breach of contract for wrongful termination, violations of

federal patent law prohibiting royalty charges for expired patents, violations of federal patent law prohibiting royalty charges against co-inventors of patents, breach of contract for improperly or inadequately tested or engineered products, and common law tortious interference with plaintiff's customer relationships.  (Compl. (Docket No. 1).)  Plaintiff seeks declaratory relief regarding defendant's obligations under section 20025 and the status of some of defendant's patents and also seeks to temporarily enjoin defendant from terminating or refusing to renew its alleged franchise agreement with plaintiff.

In both actions, the court will be required to decide the terms of the contract, if any, between the parties under an implied-in-fact theory because the written contract expired by its terms.  The court will also have to decide whether the contract was a franchise agreement, whether plaintiff breached the contract by failing to pay fees, whether defendant breached the contract or franchise laws by terminating the contract without sufficient notice, and whether plaintiff's continued use of defendant's trademarks and alleged patents following the contract termination violated intellectual property laws.  These legal and factual issues are central to both actions.  Plaintiff has essentially turned its affirmative defenses in the Minnesota action into claims in this action.

This court's primary concern was best articulated by Judge Schiltz in the Minnesota action.  To allow this action to proceed would create a situation in which two courts are deciding the same legal and factual issues involving the same parties and same transactions.  It would unnecessarily create the risk of

7

inconsistent judgments and could result in contrary holdings from the two courts on issues that are central to both actions. See Colucci Decl. Ex. A (Motions Hearing Transcript) at 12:11-13:18 (Docket No 41-1). Accordingly, this court will apply the first-to-file rule. The equitable exceptions to the first-to-file rule do not require a different outcome.

Even assuming that plaintiff was a franchisee under California law, which the court will not decide based on the limited record before it, California's public policy on franchises does not dictate a different outcome. Plaintiff, relying on Jones, unsuccessfully argued in the Minnesota action that California's public policy required dismissal or transfer of that action. Plaintiff makes the same argument to this court against application of the first-to-file rule. This court is unpersuaded for the following two reasons.

First, the court finds that California's public policy does not require that litigation involving California franchises occur in California in all circumstances. California's public policy does not compel a California court to ignore the first-to-file rule, a doctrine of federal comity designed to promote sound judicial administration. California Business and Professions Code section 20040.5 simply provides that: "A provision in a franchise agreement restricting venue to a forum outside this state is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5.

California has a public policy against forcing California franchisees to litigate outside of California because

8

of a forum selection clause in a franchise agreement.  In other words, the California public policy is against <u>unfairly</u> forcing a California franchisee to litigate outside of California, and California considers forum selection clauses in franchise agreements to be unfair.  The author of the bill stated that the bill's purpose was "to ensure that California franchisees are not <u>unfairly</u> forced to litigate claims arising out of their franchise agreement in an out-of-state court at considerable expense, inconvenience, and possible prejudice to the California franchisee."  Report to Senate Judiciary Committee, 1993-94 Regular Session, AB 1920 (Peace), at 1 (emphasis added).

The author of the bill was motivated by the following:

> [M]any franchise contracts contain clauses that require a civil action or proceeding arising under or relating to a franchise agreement be commenced in a designated out-of-state venue, which is usually the state of the franchisor's headquarters.  Few franchisees can easily afford to defend or prosecute their actions in another state. . . . [T]hese contractual provisions put the California franchisee at a great disadvantage in pursuing meritorious actions against a franchisor. Moreover, . . . these provisions are usually part of the standard contract which the franchisee is offered on a 'take-it or leave-it' basis.   In the absence of arms length negotiations and equal bargaining position, such terms are usually unconscionable. . . . [I]t is in the state's interest and powers to void such contractual terms to protect its residents.

<u>Id.</u>

Second, this court recognizes that the Ninth Circuit in <u>Jones</u> expressed the California public policy in broad terms:

> § 20040.5 expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue.  A provision, therefore, that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes this strong public policy and is unenforceable under the directives

9

of Bremen. Jones, 211 F.3d at 498. Nevertheless, even if California's public policy of protecting its franchisees extends to application of the first-to-file rule, California's public policy is only one consideration of many in deciding whether to apply that rule.

Jones recognized that the public policy of the forum was only one of at least nine factors to consider in the context of a 28 U.S.C. § 1404(a) convenience transfer motion. Id. at 498-99. The first-to-file rule also takes into account multiple considerations and must be applied with a "view to the dictates of sound judicial administration." Pacesetter Sys., Inc., 678 F.2d at 95. Thus, even if California's public policy counsels against application of the first-to-file rule, the other reasons outlined above weigh heavily in favor of its application.

Accordingly, pursuant to the first-to-file rule, the court will transfer this action to the United States District Court for the District of Minnesota, where a first-filed action involving substantially similar parties and issues is pending.

IT IS THEREFORE ORDERED that defendant's motion to to transfer be, and the same hereby is, GRANTED. This action is ordered TRANSFERRED to the United States District Court for the District of Minnesota.

DATED:  March 16, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE